**Severiano FLORES–QUIRINO; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72979.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Audra R. Behne, Esq., Law Offices of Audra R. Behne, Reseda, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Anthony C. Payne, Esq., Hugh G. Mullane, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Severiano Flores–Quirano and his wife Cristina Flores, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the decision of an immigration judge ("IJ") denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 to review a final order of removal. We dismiss the petition for review.

Petitioners contend that the IJ erroneously determined that they failed to establish the requisite "exceptional and extremely unusual hardship," which is a discretionary determination over which we do not have jurisdiction. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003). "When we lack jurisdiction to review the merits of the IJ's discretionary decision ... we are also without jurisdiction to evaluate whether streamlining was appropriate." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854 (9th Cir.2003).

Petitioners also attempt to allege a due process violation. The record does not support Petitioners' contention that the IJ acted unfairly or impartially, and the IJ applied the proper standard to the hardship determination. Petitioners' contention that the IJ should have applied *In re Recinas*, 23 I. & N. Dec. 467, 2002 WL 31173154 (BIA 2002) (en banc), is without merit because that case had not yet been decided when the IJ and the BIA ruled on

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Petitioners' cancellation applications. Thus, Petitioners failed to raise a colorable due process claim and, accordingly, we lack jurisdiction to consider this claim. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("to invoke our jurisdiction, a petitioner must allege at least a colorable constitutional violation").

Petitioners' remaining contentions are also without merit.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741No. 03–70477, 749–750 (9th Cir.2004), Petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.